UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ATLANTIC RESEARCH MARKETING SYSTEMS, INC., | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | CIVIL ACTION NO. 07-11576-PBS |
| STEPHEN P. TROY, JR., AND TROY INDUSTRIES, INC., | ) ) ) | |
| Defendants. | ) ) | |

### ORDER

August 31, 2010

SARIS, U.S.D.J.

The Motion to Reconsider the Chapter 93A Findings is **DENIED**. There was ample support for the Court's finding. See, e.g., Trial Tr. Vol 2, 14-16, June 16, 2009; id. at 22-23; id. at 26; Trial Tr. Vol. 3, 76-77, June 17, 2009; id. at 89; id. at 152. Although Troy selectively cites to testimony discussing attachment to the receiver by the receiver sleeve, both Swan and Barreras testified that the proof of concept attached solely to the barrel nut for support, and that the receiver sleeve was used only in further experimentation. See Trial Tr. vol. 2, 23 (Swan Testimony) ("Q. Other than it being tighter, is this what you did in the presence of Sergeant Major Barreras? A. Yes, it is. . . . Q. What is that? A. This would be a free-floating barrel nut mounted free-floating rail system. . . ."); id. at 24-

25 (Swan Testimony) (referring to use of the receiver sleeve as a separate "exercise," and to conjunction of the proof of concept with the receiver sleeve as "one of the variations that we could do."); Trial Tr. vol. 3, 151 (Barreras Testimony) (explaining that the proof of concept was "secured to the barrel nut" and that the use of the sleeve was "to give us a good long continuous rail"); id. at 152 (Barreras Testimony) ("So he did a variant of this system here where it attached to the upper receiver. . . . And so he had different variations based off of, you know, the initial one, which just like I said, didn't attach to the upper receiver . . . .").

/s/ Patti B. Saris
PATTI B. SARIS
UNITED STATES DISTRICT JUDGE